IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| CAMERON JAMES, *et al.*, § | |
| § | |
| v. § | Civil Action No. 4:19-cv-00801 |
| § | Judge Mazzant |
| JUSTIN E. VALO (a/k/a "JUSTIN § | |
| VENDETTA" a/k/a "SUNEROK"); the § | |
| VERGE CRYPTO-CURRENCY § | |
| GENERAL PARTNRSHIP; JOHN DOE #1 § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiffs' Motion for Default Judgment Against Defendants Justin E. Valo, and the Verge Crypto-Currency General Partnership (Dkt. #72). Having considered the Motion, the Court finds the Motion should be **GRANTED IN PART**, and finds Plaintiffs are entitled to a default judgment against the defaulting defendants in the amount of $516,100.55, pre- and post-judgment interest, costs, and attorneys' fees to date.

### BACKGROUND

This case is about a theft of Verge Coins, a virtual currency, from a smart phone "hot wallet" application called CoinPouch. Plaintiffs are various individuals who had their Verge Coins stolen from this app. On November 4, 2019, Plaintiffs sued Justin E. Valo ("Valo"), Verge Crypto-Currency General Partnership ("Partnership"), Lawrence Kirk Ballou ("Ballou"), and John Doe #1 for engaging in intentional, reckless or negligent acts leading to the theft (Dkt. #1).

On February 28, 2020, the Court granted Plaintiffs' motions to file a Second Amended Complaint and for additional time to serve Valo and the Partnership (Dkt. #24; Dkt. #25). The Second Amended Complaint further alleges that Valo and the Partnership violated Sections 5 and 12(a) of the Securities Act of 1933, the Computer Fraud and Abuse Act, and are liable to Plaintiffs under a theory of product liability.

On March 4, 2020, Plaintiffs served Valo and the Partnership with the Complaint, First Amended Complaint, and Second Amended Complaint through the Texas Secretary of State (Dkt. #46; Dkt. #47). On March 16, 2020, the Secretary of State delivered those documents to Valo and the Partnership (Dkt. #44; Dkt. #45).

Valo and the Partnership never made an appearance, filed a response, or contacted Plaintiffs' counsel (*See* Dkt. #72 at p. 4). On April 17, 2020, the Clerk made entry of defaults against Valo and the Partnership (Dkt. #50; Dkt. #51). The only appearing defendant, Ballou, has since settled (Dkt. #73).

On October 15, 2020, Plaintiffs filed a Motion for Default Judgment against the remaining defendants, Valo and the Partnership (Dkt. #72). Plaintiffs seek: $516,100.55 in actual damages; $133,430 in attorney fees; a conditional award of $100,000 for post-judgment motions and appeals; an award of costs under 28 U.S.C. § 1920; pre- and post- judgment interest under 28 U.S.C. § 1961; and any other relief deemed proper. Valo and the Partnership have not responded.

## LEGAL STANDARD

Rule 55 of the Federal Rules of Civil Procedure sets forth certain conditions under which default may be entered against a party, as well as the procedure to seek the entry of default judgment. FED. R. CIV. P. 55. The Fifth Circuit requires a three-step process for securing a default judgment. *New York Life Ins. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996). First, a default occurs when a defendant has failed to plead or otherwise respond to the complaint within the time required by Rule 12 of the Federal Rules of Civil Procedure. FED. R. CIV. P. 55(a); *New York Life Ins.*, 84 F.3d at 141. Next, an entry of default may be entered by the clerk when the default is established by affidavit or otherwise. FED. R. CIV. P. 55(a); *New York Life Ins.*, 84 F.3d at 141. Third, a plaintiff may then apply to the clerk or the court for a default judgment. FED. R. CIV. P. 55(b);

*New York Life Ins.*, 84 F.3d at 141.

Entry of a default judgment is within the court's discretion. *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998). Although entries of default judgment are generally disfavored in the law, entry of a default judgment is not an abuse of discretion when a defendant fails to answer a complaint. *Lacey v. Sitel Corp.*, 227 F.3d 290, 292 (5th Cir. 2000); *Bonanza Int'l, Inc. v. Corceller*, 480 F.2d 613, 614 (5th Cir. 1973), *cert. denied*, 414 U.S. 1073 (1973). Prevailing law within the Fifth Circuit sets forth factors for courts to weigh when determining whether to enter default judgment:

> Relevant factors include whether material issues of fact are at issue, whether there has been substantial prejudice, whether the grounds for default are clearly established, whether the default was caused by a good faith mistake or excusable neglect, the harshness of a default judgment, and whether the court would think itself obliged to set aside the default on the defendant's motion.

*Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998) (internal citations omitted).

After the Clerk enters a default, "the plaintiff's well-pleaded factual allegations are taken as true, except regarding damages." *U.S. for Use of M-Co Constr., Inc. v. Shipco Gen., Inc.*, 814 F.2d 1011, 1014 (5th Cir. 1987). A court may hold a hearing if necessary to conduct an accounting, determine the amount of damages, establish the truth of any allegation by evidence, or to investigate any other manner. FED. R. CIV. P. 55(b)(2). A hearing is not necessary if damages can be determined on the papers. *See* FED. R. CIV. P. 55(b)(2).

## ANALYSIS

**I. All factors weigh in favor of granting Plaintiffs' Motion for Default Judgment.**

    **a. There are no issues of material fact at issue.**

Because Defendants failed to answer Plaintiffs' Second Amended Complaint, they admit Plaintiffs' well-pleaded allegations of fact—apart from any relating to the amount of damages—

3

and are "barred from contesting on appeal the facts thus established." *Nishimatsu Constr. Co. v. Hous. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975); *Frame v. S-H, Inc.*, 967 F.2d 194, 205 (5th Cir. 1992). Plaintiffs' factual allegations show a plausible entitlement to relief and are therefore well-pleaded. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 559 (2007). Likewise, due to Defendants' failure to answer, the entry of default by the Clerk was appropriate. *United States v. Giles*, 538 F. Supp. 2d 990, 993 (W.D. Tex. 2008). On the record before the court, there are no issues of material fact. *See Thomas v. Wooster*, 114 U.S. 104, 113 (1885).

      **b. There is no harshness or substantial prejudice in entering a default judgment in this case.**

Defendants failed to respond to the claims asserted in this matter. They have not appeared, filed a pleading, or communicated with Plaintiffs' counsel, and there is no indication that they intend to do so. Defendants received ample notice of the suit, as the Secretary of State delivered the complaints and summons to them on March 16, 2020. Taking the well-pleaded facts as true, Plaintiffs have asserted valid causes of action. Plaintiffs properly requested entry of judgment in its favor. The Motion for Default Judgment has been on file for more than a month with no response. Although Plaintiffs did not personally serve the instant Motion on Defendants, under Federal Rule of Civil Procedure 5(a)(2), "[n]o service is required on a party who is in default for failing to appear" unless the pleading asserts a new claim for relief. Based on this procedural history, Plaintiffs will be prejudiced if default judgment is denied.

      **c. The grounds for default are clearly established.**

As stated above, the record indicates that Plaintiffs successfully perfected service of process on Defendants. Nevertheless, Defendants failed to answer or otherwise respond to the Second Amended Complaint. The Clerk entered default and Plaintiffs subsequently filed their Motion for Default Judgment. The procedural requirements of Rule 55 of the Federal Rules of

Civil Procedure are satisfied, and the Court may consider default judgment.

### d. The default is not due to excusable neglect or a good faith mistake.

Again, Defendants were properly served notice of Plaintiffs' Second Amended Complaint and failed to respond. There is no indication of good faith mistake or excusable neglect on Defendants' part.

## II. Amount Owed

### a. Plaintiffs are entitled to recover damages, pre- and post-judgment interest, and costs.

Plaintiffs seek damages in the amount of $516,100.55, which they allege is the value of the stolen Verge Coins as of the date they were stolen, net the amount each Plaintiff receives from the Ballou settlement. This is supported by evidence attached to Plaintiffs' Motion for Default Judgment (*See* Dkt. #72 at Exhibit 1). Because this amount is capable of mathematical calculation and determinable on the papers, a hearing is not required. *See* FED. R. CIV. P. 55. Plaintiffs are entitled to damages in the amount of $516,100.55, jointly and severally from Valo and the Partnership.

Plaintiffs are entitled to prejudgment interest determined under 28 U.S.C. § 1961 from November 9, 2017 to the date a final judgment against the defaulting defendants is entered; and post judgment interest at the rate on the forgoing amounts as established by 28 U.S.C. § 1961, from the date of the entry of a final judgment against the defaulting defendants until such time the judgment is paid.

Finally, Plaintiffs are entitled to costs pursuant to Federal Rule of Civil Procedure 54(d) and 28 U.S.C. § 1920.

### b. Plaintiffs' counsel is entitled to attorneys' fees to date, totaling $133,430.00.

Plaintiffs' counsel seeks $133,430.00 in attorneys' fees. In support, Plaintiffs produce a

declaration of David W. Dodge, Plaintiffs' counsel (Dkt. #72 at Exhibit 2). Mr. Dodge attests his hourly rate is $400 per hour and he billed 309.9 hours, his co-counsel billed 16.5 hours at $300 per hour, and the legal assistants billed 45.2 hours at $100 per hour. Combined, this totals to 371.6 hours of work. While this seems like a high number of hours to bill on a case that did not progress past the Complaint, it appears justified considering the large number of plaintiffs, the difficulty in locating the defaulting defendants, and the settlement negotiations with Ballou. Through this evidence, Plaintiffs' counsel establish they are entitled to $133,430.00 in attorneys' fees.

The Court declines to award the requested $100,000 for prospective attorneys' fees for potential post-judgment motions or appeals. Default judgments are generally disfavored. *See Lacey*, 227 F.3d at 292. The requested award may overly deter a party from challenging a default judgment even if they have a compelling explanation for their default. If there are post-judgment motions or appeals, and Plaintiffs prevail, they may pursue attorneys' fees then.

## CONCLUSION

It is hereby **ORDERED** that Plaintiffs' Motion for Default Judgment Against Defendants Justin E. Valo and the Verge Crypto-Currnecy General Partnership (Dkt. #72) is **GRANTED IN PART**. Plaintiffs are entitled to a default judgment in the amount of $516,100.55, plus pre- and post-judgment interest, costs, attorneys' fees to date in the amount of $133,430.00, but not to conditional attorneys' fees.

The Clerk is directed to mail a copy of this Order to the named defendant Justin E. Valo to the Texas Secretary of State, Citations Unit, P.O. Box 13550, Austin, Texas, 78711-3550.

**SIGNED this 10th day of December, 2020.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE